OPINION
{¶ 1} Defendant Royal Insurance Company of America appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which found plaintiffs Misty D., William J., and Patricia Pauley were insureds under appellant's policy issued to Patricia Pauley's employer, Reserve Network. This action was brought pursuant to Scott-Pontzer v. LibertyMutual Fire Insurance Company (1999), 85 Ohio St.3d 660 and Ezawa v.Yasuda Fire Marine Insurance Company of America (1999),86 Ohio St.3d 557.
 {¶ 2} During the pendency of this case, and in fact, the day after oral argument in this matter, the Ohio Supreme Court announced its decision in Westfield Ins. Co. v. Galatis, 100 Ohio St. ___,2003-Ohio-5849. In Galatis, the Supreme Court limited the application of the Scott-Pontzer case, and overruled Ezawa. In Galatis, the Supreme Court found Scott-Pontzer is applicable only to situations where the employee of the insured corporation is injured within the course and scope of employment. If a policy of insurance designates a corporation as a named insured, the designation of family members of the named insured as other insureds does not extend coverage to a family member of an employee of the corporation, unless the employee is also a named insured.
 {¶ 3} In the case before us, Misty Pauley was a passenger in a vehicle owned and operated by Jeffrey R. Slocum. Slocum was not driving an automobile covered under Royal's insurance policy. This claim arises out of Misty's mother's employment. Applying the language in Galatis, we find appellees are not insureds under the Royal insurance policy.
 {¶ 4} Appellants assigns five errors to the trial court:
 {¶ 5} "The trial court erred in holding that plaintiffs are insureds for uninsured motorist coverage under the royal policy.
 {¶ 6} The trial court erred in holding that the plaintiff misty pauley is an insured under the medical payments coverage.
 {¶ 7} The trial court erred in holding that plaintiffs were not excluded from coverage as misty pauley was not occupying a covered vehicle.
 {¶ 8} "The trial court erred in holding that notice and subrogation provisions did not preclude recovery.
 {¶ 9} "Although the trial court did not error in holding the royal policy was an automobile policy, the trial court erred in relying on the general liability coverage form of the royal policy for this determination."
 {¶ 10} The first, second, third, and fifth assignments of error are sustained.
 {¶ 11} The fourth assignment of error is overruled as moot.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and pursuant to App. R. 12, we enter final judgment in favor of appellant.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.